## No. 7054.

### SUCCESSION OF W. D. GALE. ON OPPOSITION OF WM. SADLER.

The legal mortgage on a person's property resulting from the registry of his official bond as sheriff, is extinguished by prescription, unless re-inscribed within ten years from the date of said registry. The necessity of a re-inscription every ten years, applies to *all* mortgages, except those specifically exempted from that necessity.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *Brame*, J., special judge.

K. A. Cross and D. C. Hardee for opponent and appellant.

Hedge & Moore for tutor and appellee.

The opinion of the court was delivered by

SPENCER, J. The only question which it is necessary for us to decide in this case is, whether the re-inscription of a sheriff's bond, in the mortgage office, within ten years from its original registry, is necessary to preserve the legal mortgage resulting therefrom? If it is necessary, then the opponent Sadler has no claim to be ranked as first mortgage creditor on the real estate of W. D. Gayle, deceased, against whose succession he obtained judgment for moneys received by Gayle in his official capacity as sheriff of East Feliciana. Gayle qualified as sheriff in January, 1862, and received from his predecessor $1292 35;

which sum was in contest between Sadler and others, and was finally on appeal adjudged to Sadler in February, 1870.

Gayle's minor children, in right of their mother, have a duly preserved legal mortgage, resulting from an adjudication to the father of the common property in January, 1866. Gayle himself died November, 1867. The contest is between these minors claiming under their legal mortgage, and Sadler claiming under the legal mortgage resulting from the registry of the sheriff's bond in 1862.

The want of re-inscription of the legal mortgage, asserted by Sadler, is pleaded, and is, we think, fatal to his pretensions.

Article 3317 C. C. (of 1825) provided that "*all mortgages*, whether conventional, *legal*, or judicial, are required to be recorded in the manner hereafter provided."

Article 3298, same Code, exempts from this necessity of registry the mortgages "in favor of minors, interdicted and absent persons, on the property of their tutors, curators, etc," and "mortgages of the wife on the property of her husband," etc.

Article 3333, same Code, provides that "this registry preserves the evidence of mortgages and privileges during ten years, reckoning from the day of their date; their effect ceases, even against the contracting parties, if the inscriptions have not been renewed before the expiration of this time, *in the manner in which they were first made*. But this rule does not obtain with regard to the mortgages" in favor of wives, minors, etc.

By acts of 1842 there were also excepted from the necessity of re-inscription mortgages by the stockholders of the Property Bank. By an act of 1843 the same Property Bank mortgages, and those of wives, minors, and interdicts. By act of 1853, those in favor of the commissioners of the Poydras legacy, etc.

It is not pretended that the legal mortgage resulting from the registry of the sheriff's bond comes within any of those exceptions. But it is urged that this legal mortgage against public officers was only created by act of 1847, and it is argued that as the law creating it only required its registry and is silent as to its re-inscription, therefore we can not apply Art. 3333, of the Code of 1825, to it. It is further urged that this legal mortgage was created after the Acts of 1842 and 1843 above referred to were passed, and therefore no argument is to be drawn from its not being included in the exceptions created by said acts. Whatever force this argument might have (and we confess it has but little), is overcome by the fact that in 1853, six years after this particular legal mortgage had been created by statute, the Legislature enacted another law, exempting the mortgages to the "Poydras fund"—and still we find no mention of this legal mortgage against public officers. But

Succession of Gayle.

we do not propose to rest our opinion upon this view of the case. The process by which we reach our conclusion is simply this: The law declares that *all legal mortgages must be recorded*, excepting certain specified ones. The opponent's legal mortgage is not one of those so excepted.

The law requires all *inscriptions* of mortgages (whether legal, conventional, or judicial, matters not) to be renewed within ten years. It excepts from this rule certain legal and conventional mortgages; but the opponent's mortgage is not among those excepted. Therefore the legal mortgage in question must be registered, and must be re-inscribed, to have effect against third persons. It was registered, but was not re-inscribed. It is, therefore, without effect as to the minor children of Gayle. We see no possible reason for supposing that the Legislature in creating this legal mortgage and requiring its registry intended to exempt it from the operation of a general law of the State in no way inconsistent with the act creating it. On the contrary, the fact that the Legislature required it to be *registered* in order to preserve it, is potent if not conclusive proof, in the absence of express exemption, that it intended that it should be re-inscribed as all other mortgages. The reason of the law, in requiring re-inscription, is as strongly applicable to this class of mortgages as to any other. When the law does not make the exception, we can make none.

The judgment appealed from is correct, and is affirmed with costs.